JOHN GOODNOW vs. CALVIN WILLARD.

The Rev. Sts. c. 90, did not make it the duty of an officer, who attaches real estate, to deposit in the clerk's office the writ, or a copy thereof, with the return of the attachment. That duty was first imposed on such officer by St. 1838, c. 186.

In an action against an officer, who had attached real estate before the passing of St. 1838, c. 186, for omitting to deposit in the clerk's office a copy of the writ, &c., within three days, whereby the attachment was lost, the mere fact that he deposited such copy, &c. in the clerk's office, on the sixth day after the attachment, is not evidence that he promised the attaching creditor to do it within three days.

After the revised statutes went into operation, and before the passing of St. 1838, c. 186, an officer was directed to "attach specially," without directions as to the property to be attached : He thereupon attached sufficient real estate; but the attachment was lost, in consequence of an omission to deposit a copy of the writ, &c. in the clerk's office, within three days. Held, that the officer had obeyed his directions, by attaching the real estate, and that he was not answerable to the creditor for the loss of the attachment, although there was sufficient personal property of the debtor, which might have been attached.

An officer is liable to an action for neglecting to return an execution according to the precept thereof, although the judgment creditor suffers no injury by such neglect.

THIS was an action of trespass upon the case against the sheriff of Worcester for an alleged default of Larkin Newton, one of his deputies, and was submitted to the court on the following statement of facts :-

"On the 1st of May 1837, the plaintiff, then and still an inhabitant of Boston, sued out a writ against Lyman Stoddard, of Upton, in the county of Worcester. The writ was made by an attorney in Framingham, at the request of A. Ward, the plaintiff's agent, who delivered it to E. B. Fay ; and said Fay delivered it to said Larkin Newton, (who then lived at Southborough, about twelve miles from the residence of said Stoddard,) on the evening of said 1st of May, and requested him to attend to it immediately, and Newton promised so to do. At nine o'clock, on that evening, Newton attached several parcels of real estate, as the property of Stoddard, as appears by his return on said writ.

"The plaintiff sent no other order or instruction to Newton, as to the service of the writ, than as above stated, except the indorsement on the writ, which was ' attach specially.' On the 6th of the same May, and not before, Newton left a copy of the writ

(save the declaration) with the clerk of the court of common pleas for the county of Worcester ; and his charges on the writ were as follows : 'Fees : Service, 50. Paid clerk, 25. Copy, 25. Travel to return writ, 1.20.'

" On said 1st of May, said Stoddard was owner of a large amount of real and personal estate, situate in the county of Worcester, and was in open possession thereof, and so remained until and upon the 5th of said May. Said property was open to attachment, and either the real or personal estate was much more than sufficient to satisfy the plaintiff's claim ; and said personal estate could have been readily attached by Newton, if he had made any attempt so to do ; and the claims of other creditors of Stoddard, of greater amount than that of the plaintiff, were secured and satisfied by attachments of Stoddard's real estate on the 3d of said May. On the 5th of said May, Stoddard transferred all his property to sundry persons.

" The plaintiff's writ aforesaid was made returnable to the court of common pleas for the county of Suffolk, on the first Tuesday of July 1837, and judgment was rendered for the plaintiff, on the last day of the July term of said court, 1838, v1z. September 19th 1838, for $ 593.07 and costs of suit. Execution issued on the judgment, October 13th 1838, and was commi ted to said Newton, within thirty days after the rendition of judg nent, with instructions to levy the same.

" Ever since the rendition of said judgment, Stoddard has been insolvent, and has had no property which could be taken on writ or execution, and he has removed, with his family, to the Wisconsin Territory. The plaintiff's execution has been in no part paid or satisfied, and was not returned by said Newton, until December 1839 ; but no special request to return it was made to him by the plaintiff."

It was agreed, that if, on the foregoing statement, the plaintiff could, in the opinion of the court, maintain this action, judgment should be rendered in his favor ; otherwise, that he should be nonsuit.

*A. H. Fiske,* for the plaintiff.

*Parsons,* for the defendant.

DEWEY, J.   The principal ground, upon which the plaintiff relies to recover substantial damages, has been fully considered and settled against him in the case of *Inhabitants of Cheshire* v. *Briggs,* 2 Met. 486, which was not decided until after the present action was commenced.   The Rev. Sts. *c.* 90, did not make it the duty of the officer, serving a writ of attachment, to deposit the writ, or a copy thereof, in the clerk's office for a registration of the attachment ; as was decided in the case referred to.   That duty was first imposed by *St.* 1838, *c.* 186.

The plaintiff further contends, that upon the facts stated by the parties, it may be inferred that the officer serving the precept did undertake to deposit the writ, or a copy thereof, in the clerk's office in proper season to secure and render effectual the original attachment indorsed on the writ, and that having voluntarily assumed upon himself to perform this duty, the sheriff may be charged by reason of any neglect in that behalf.   But the only evidence, relied on to show such undertaking, arises from the fact, that the attaching officer did return a copy of the writ and attachment to the clerk's office on the sixth day after the service and attachment made by him on said writ.   This fact seems to us, at most, only to authorize the inference, that the attaching officer undertook to return it on the sixth day.   By reason of the transfer of the property of the debtor on the 5th of May, the expediency of giving as much effect as possible to the attachment made on the 1st of May became quite manifest ; and with or without any request from the creditor, the officer might deem it expedient to deposit a copy of the writ in the office of the clerk, to avail what it might for the benefit of the creditor. Whether such an undertaking, as is attempted to be established, that is, an agreement of the attaching officer, a deputy sheriff, that he will file such copy of the writ in due season to render the original attachment effectual from its date, and a neglect to perform it (it being an act not required of him by law) would create any liability on the part of the sheriff, it is immaterial particularly to consider upon the facts here stated.*

It was further urged, that the attaching officer was guilty of

* But see *Waterhouse* v. *Waite,* 11 Mass. 210.   *Tobey* v. *Leonard,* 15 Mass. 209.

neglect in not attaching personal property on the precept committed to him for service.   But no directions were given to him to attach personal property.   He was only directed to " attach specially."   It is true, if he had adopted that mode of attachment, it would have relieved the creditor from the consequences of any laches in the matter of perfecting and perpetuating his attachment.   But the direction of the creditor to attach specially was as much complied with, by making a sufficient attachment of real estate, as it would have been by an attachment of personal estate.   Such attachment was made, and of sufficient property, and the creditor should have followed up his directions to the officer to attach property, by ascertaining what property was attached, and taking the necessary measures to render his attachment effectual.

The only default of the deputy, for which the defendant is responsible, is the neglect to make due return of the execution subsequently committed to him.   Here was a neglect of duty, for which, although no actual damage is shown, the plaintiff is entitled to recover nominal damages.   *Laflin* v. *Willard*, 16 Pick. 64.